# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDVIS E. HENDERSON,** | : | **CIVIL NO. 1:18-CV-1534** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **SCI CAMP-HILL MEDICAL DEPARTMENT, SCI-ROCKVIEW MEDICAL DEPARTMENT,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Edvis Henderson ("Henderson"), an inmate currently confined at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, ("SCI-Rockview"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he filed the complaint, Henderson also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, Henderson will be directed to file an amended complaint.

**I.    Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a

governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]
The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## II. Discussion

Henderson alleges that he injured his knee after a slip and fall at SCI-Camp Hill. (Doc. 1 at 2). After the fall, Henderson was provided with a wheelchair, knee sleeve, crutches, and an elastic bandage. (Id. at 2). He underwent two X-rays, which revealed no injury to his knee. (Id. at 2-3). Henderson asserts that he should have undergone an MRI of his knee. (Id.) The only named defendants are the Medical Departments at SCI-Camp Hill and SCI-Rockview. (Id. at 2).

In order for Henderson to state a claim under § 1983, he must allege a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. See Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). Henderson's complaint fails to make this requisite showing against the Medical Departments at SCI-Camp Hill and SCI-Rockview, because these defendants do not qualify as persons under § 1983. Therefore, they cannot be held liable under the statute. Indeed, the DOC is not a "person" within the meaning of the statute. See, e.g., Manchas v. Commonwealth of Pennsylvania, 2017 WL 440259, at *2 (M.D. Pa. 2017) ("[T]he DOC is not a person and thus, not a properly named defendant with respect to the civil rights portion of the pending Complaint. Defendant DOC is entitled to entry of dismissal with respect to any § 1983 claims."); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (holding that the county prison was not a person capable of being sued within the meaning of § 1983). Likewise, departments within a correctional institution, such as the Medical Departments at SCI-Camp Hill and SCI-Rockview, do not qualify as persons within the meaning of the statute. See, e.g., Fischer v. Cahill, 474 F.2d 991,

3

992 (3d Cir. 1973) (per curiam) (holding that the New Jersey Prison Medical Department is a state agency that cannot be sued under § 1983 because it is not a person). Thus, the Medical Departments at SCI-Camp Hill and SCI-Rockview are not "persons" within the meaning of § 1983 and are not suitable entities for a § 1983 claim. Henderson's complaint thus fails to state claims upon which relief can be granted against the Medical Departments at SCI-Camp Hill and SCI-Rockview.

## III. Conclusion

Given Henderson's *pro se* status, he will be afforded an opportunity to file an amended complaint to properly name any defendants and sufficiently state a claim for relief against those defendants. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court.

An appropriate order will issue.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     October 15, 2018